FELTON T. NEWELL (SBN 201078)
fnewell@sandersroberts.com
TYLER S. DOBBERSTEIN (SBN 339824)
tdobberstein@sandersroberts.com
**SANDERS ROBERTS LLP**
1055 West 7th Street, Suite 3200
Los Angeles, CA 90017
Telephone: (213) 426-5000
Facsimile:  (213) 234-4581

Attorneys for Plaintiff,
**VERICOOL WORLD LLC**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| VERICOOL WORLD LLC,<br><br>               Plaintiff,<br><br>    v.<br><br>IGLOO PRODUCTS CORPORATION,<br><br>              Defendants. | **CASE NO.   4:22-cv-2440**<br><br>Judge:     Hon. Haywood S. Gilliam, Jr.<br><br>**PLAINTIFF VERICOOL WORLD LLC'S OPPOSITION TO DEFENDANT IGLOO PRODUCTS CORPORATION'S MOTION TO EXCLUDE THE OPINIONS OF ROMAN GARAGULAGIAN**<br><br>Hearing Date:  November 30, 2023<br>Hearing Time: 2:00 p.m.<br>Location:     Courtroom 2, 4th Floor<br><br>Complaint Filed:   April 20, 2022<br>Trial Date:     February 1, 2024 |

## I.    INTRODUCTION

Defendant Igloo Product Corporation's ("Igloo") Motion to Exclude the Opinions of Roman Garagulagnian is based on a flawed analysis of the law related to expert testimony.  Reviewing the cases that have interpreted Federal Rules of Evidence 702, and Federal Rules of Civil Procedures 26 and 37, it is clear that the expert opinions of Dr. Roman Garagulagian should not be excluded by this Court.

## II.    STATEMENT OF FACTS

On September 24, 2023, Plaintiff Vericool World, LLC ("Vericool World") served the expert report of Roman Garagulagian (the "Original Report") in this matter.  *See* Ex. 1 to Declaration of Jordan Raphael ("Raphael Decl.").   On October 16, 2023, Vericool World served Mr. Garagulagian's rebuttal expert report (the "Rebuttal Report") in this matter.  *See* Ex. 2 to Raphael Decl.

## III.    DR. ROMAN GARAGULAGIAN'S EXPERT REPORTS AND THE OPINIONS CONTAINED THEREIN ARE CONSISTENT WITH THE APPLICABLE LEGAL REQUIREMENTS

### A.    Dr. Garagulagian's Opinions Regarding Actual Damages Are Consistent with the Applicable Legal Requirements.

While Igloo purports to take issue with Dr. Garagulagian's qualifications and calculation of damages, it appears more accurate to state that Igloo takes issue with Vericool's legal theory of recovery under the Lanham Act. Section 35(a) of the Lanham Act provides that a plaintiff shall be entitled, "subject to the principles of equity, to recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action." 15 U.S.C. § 1117(a). Monetary damages may be awarded for lost profits from diverted sales, loss of goodwill (i.e., reputation), and costs of plaintiff's corrective advertising. *See Porous Media Corp. v. Pall Corp.*, 110 F.3d 1329, 1340 (8th Cir. 1997) (awarding monetary damages for loss of sales and goodwill); *see also West Des Moines State Bank v. Hawkeye Bancorporation*, 722 F.2d 411, 413–414 (8th Cir. 1983) (awarding monetary relief for plaintiff to engage its own corrective advertising campaign). An award of profits is appropriate in false comparative advertising cases, where it's reasonable to presume that every

- 2 -                                    Case No.: 4:22-cv-2440

SANDERS
ROBERTS
1055 W. 7TH STREET
SUITE 3200
LOS ANGELES, CA 90017

dollar defendant makes has come directly out of plaintiff's pocket. *See, e.g., U-Haul Intern., Inc. v. Jartran, Inc. ("U-Haul II")*, 793 F.2d 1034, 1041 (9th Cir. 1986); *U-Haul Intern., Inc. v. Jartran, Inc. ("U-Haul I")*, 681 F.2d 1159 (9th Cir. 1982) (newspaper ad falsely stated that defendant's rental trucks were bigger, newer and more fuel-efficient than trucks in plaintiff's fleet). An award of profits is also appropriate where ordinary damages won't deter unlawful conduct: for example, when defendant associates its product with plaintiff's product to appropriate goodwill or brand value. *See, e.g., Maier Brewing Co. v. Fleischmann Distilling Corp.*, 390 F.2d 117, 120, 123–24 (9th Cir. 1968) (brewer of Black & White beer forced to pay profits to distiller of Black & White scotch).

Accordingly, based on his years of experience in determining economic damages, Dr. Garagulagian calculated Vericool's damages using award of profits or unjust enrichment theory of damages. Dr. Garagulagian's experience forms, in part, the basis for his opinions. Federal Rule of Evidence 702 expressly contemplates that an expert may be qualified on the basis of experience rather than application of the scientific method. *See* Fed. R. Evid. 702, advisory committee notes. The rule requires that the expert's opinion be reliable and relevant, not that it be scientific. *See Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579, 589 (1993); *see also* Fed. R. Evid. 702, advisory committee notes (discussing non-scientific expert testimony and noting that "economic principles, accounting standards, property valuation or other non-scientific subjects" should be considered in light of "knowledge and experience of that particular field"). Dr. Garagulagian has years of experience calculating economic damages and, as a result, determined the "damage due to unjust enrichment to Vericool Inc. is $928,1541 and to Vericool World, LLC is $624,756." Raphael Decl., Ex. 1 at 1.

Furthermore, while Igloo would have this Court believe that Dr. Garagulagian's calculation lacks analysis or evidentiary support, Dr. Garagulagian provided a detailed table with the Original Report that included information regarding the documents he received and the bases for estimated costs. *See* Ex. 1 to Raphael Decl. at 3. The documents that Dr. Garagulagian reviewed include sales records, communications, and reports analyzing the consumer retail cooler market. *Id*. at 3–7. Igloo also misleadingly alludes to Dr. Garagulagian's experience determining damages in "'wrongful termination, employment discrimination, wage and hours disputes, class actions, personal injury,

PLAINTIFF VERICOOL WORLD LLC'S OPPOSITION TO DEFENDANT IGLOO PRODUCTS CORPORATION'S MOTION TO EXCLUDE THE OPINIONS OF ROMAN GARAGULAGIAN

SANDERS
ROBERTS
1055 W. 7TH STREET
SUITE 3200
LOS ANGELES, CA 90017

and wrongful death'—nothing involving the Lanham Act or false advertising" in an attempt to undermine his impressive credentials. Mot. at 14. Despite this, "Rule 702 takes a liberal view of expert witness qualifications; thus, an expert's training does not always need to be narrowly tailored to match the exact point of dispute in a case." *Trilink Saw Chain*, 583 Fed. Supp. 2d at 1304 (citation and internal quotation marks omitted); *see also Stagl v. Delta Air Lines, Inc.*, 117 F.3d 76, 82 (2d Cir. 1997) (reversing exclusion of an expert after concluding that twenty years' experience in machine-human interactions was sufficient basis to opine on the safety of baggage delivery system, because his "somewhat more general qualifications" were still helpful to the jury). Mr. Garagulagian's experience determining economic damages led him to conclude Vericool is entitled to an award of profits as damages due to Igloo's false advertising. This testimony will be helpful to the trier of fact and should not be excluded.

**B.**    **Dr. Garagulagian's Opinions Regarding Corrective Advertising Are Admissible.**

In its motion, Igloo cites *Daubert* for the standards that must be met before an expert may testify at trial -- and then wholly ignores them. The United States Supreme Court decided *Daubert* in the context of toxic tort litigation, in which arguably the most pressing policy concern was that juries would be misled by experts offering novel, untested theories, or even "junk science." *Daubert*, 509 U.S. at 595-97; *see also Elsayed Mukhtar v. Cal State Univ., Hayward*, 299 F.3d 1053, 1063-64 (9th Cir. 2002) (*Daubert* guards against "junk science" and "is particularly important considering the aura of authority experts often exude, which can lead juries to give more weight to their testimony"). In contrast, Dr. Garagulagian's opinions in this case rest on general principles and methodologies of calculating economic damages over which there should be no serious dispute.

To the extent Igloo's motion is based on objections to the factual foundation of Dr. Garagulagian's opinions, including Vericool's expenses related to corrective advertising, nothing in *Daubert* changed the fundamental rule that the factual basis of an expert opinion "goes to the credibility of the testimony, not the admissibility, and it is up to the opposing party to examine the factual basis for the opinion in cross-examination." *Hose v. Chicago Northwestern Transp. Co.*, 70 F.3d 968, 974 (8th Cir. 1995); *accord Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1143

- 4 -    Case No.: 4:22-cv-2440

PLAINTIFF VERICOOL WORLD LLC'S OPPOSITION TO DEFENDANT IGLOO PRODUCTS
CORPORATION'S MOTION TO EXCLUDE THE OPINIONS OF ROMAN GARAGULAGIAN

SANDERS ROBERTS
1055 W. 7TH STREET
SUITE 3200
LOS ANGELES, CA 90017

(9th Cir. 1997) ("Technical unreliability goes to the weight accorded a survey, not its admissibility") (citations omitted); Indeed:

> In arriving at a conclusion, the fact finder may be confronted with opposing experts, additional tests, experiments, and publications, all of which may increase or lessen the value of the expert's testimony. But their presence should not preclude the admission of the expert's testimony-they go to the weight, not the admissibility.

*United States v. Prime*, 431 F.3d 1147, 1153 (9th Cir.2005); *Kennedy v. Collagen Corp.*, 161 F.3d 1226, 1230-31 (9th Cir.1998).

Finally, wholesale exclusion of expert testimony, as Igloo seeks, is an exception and not the rule. As stated by the Supreme Court in *Daubert*:

> Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence. Additionally, in the event that the trial court concludes that the scintilla of evidence presented supporting a position is insufficient to allow a reasonable juror to conclude that the position more likely than not is true, the court remains free to direct a judgment... These conventional devices, rather than wholesale exclusion ... are the appropriate safeguards where the basis of [expert] testimony meets the standards of Rule 702.

509 U.S. at 596, citations omitted. This caution is reiterated in the Advisory Committee's Notes to Rule 702 of the Federal Rules of Evidence: "A review of the case law after *Daubert* shows that the rejection of expert testimony is the exception rather than the rule. *Daubert* did not work a 'sea change over federal evidence law,' and 'the trial court's role as gatekeeper is not intended to serve as a replacement for the adversary system.'" *Quoting United States v. 14.38 Acres of Land Situated In Leflore County, Mississippi*, 80 F.3d 1074, 1078 (5th Cir. 1996); *see also Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002) (Daubert motion "should not supplant a trial on the merits."); *United States v. Finley*, 301 F.3d 1000, 1014-1016 (9th Cir. 2002) (Ninth Circuit emphasized cross-examination as the proper means for attacking another party's expert and "observe[d] that a jury is free to reject [an expert's testimony]."). Accordingly, based on the foregoing, this Court should leave it to the trier of fact whether Dr. Garagulagian's testimony is persuasive and credible based on the facts and evidence presented.

SANDERS
ROBERTS
1055 W. 7TH STREET
SUITE 3200
LOS ANGELES, CA 90017

- 5 -                                                    Case No.: 4:22-cv-2440

**C.    Dr. Garagulagian's Rebuttal Report Opinion Regarding Corrective Advertising Damages Properly Responds to the Report of Igloo's Expert John Plumpe**

Igloo contends that Dr. Garagulagian's rebuttal report improperly offers an "entirely new opinion" regarding Vericool's corrective advertising damages. Not so. Instead, the rebuttal report addresses the assertion of Igloo's expert John Plumpe that "neither Vericool World nor Vericool, Inc. has documents showing that corrective advertising was performed or the cost of a corrective advertising campaign." Expert Report of John G. Plumpe at 19. While Vericool disputes this statement, the Rebuttal Report provides an appropriate response to Mr. Plumpe's findings by opining that corrective advertising damages can be determined through examining "the money expended by Igloo" independently of any of Vericool's own documentation of corrective advertising expenses.

Dr. Garagulagian's opinions, which are specifically responsive to Mr. Plumpe's report, are expressly allowed under the Federal Rules of Evidence which permits new expert testimony offered "solely to contradict or rebut evidence on the same subject matter identified by another party" within 30 days of the other party's disclosure. *See Volterra Semiconductor Corp. v. Primarion, Inc.*, 796 F. Supp. 2d 1025, 1040 (N.D. Cal. 2011); *see also In re Katz Interactive Call Processing Patent Litig.*, 2009 WL 8635981, at *5 (C.D. Cal. Aug. 3, 2009) (denying motion to strike expert's declaration because the movant "cannot complain of new rebuttals if they are merely responding to new arguments"); *Am. Med. Sys., Inc. v. Laser Peripherals, LLC*, 712 F. Supp. 2d 885, 901-02 (D. Minn. 2010) (denying motion to strike an expert's declaration where the opinions were intended to rebut the opposing party's new arguments and was filed within 30 days of the other party's disclosure of those arguments); *Pritchard v. Dow Agro Sciences*, 263 F.R.D. 277, 286-87 (W.D. Pa. 2009) (denying motion to strike because the declaration "serves to further elaborate upon the initial opinions expressed in the report and rebut the defense experts' opinions"). Where new opinions respond to arguments made by the opposing party and do not contradict the expert's report, any "differences go to the weight to be accorded to the supplemental declaration and not their admissibility." *In re Beer Antitrust Litig.*, No. C-97-20644-JF, 2002 WL

1285320, at *3 (N.D. Cal. Apr. 3, 2002) (denying motion to strike expert declaration submitted in opposition to summary judgment).  Accordingly, the Court should deny Igloo's Motion to Exclude Dr. Garagulagian's expert testimony regarding corrective advertising based on Igloo's advertising expenses.

**D.**     **DR. GARAGULAGIAN IS QUALIFIED TO OPINE ON THE CONSUMER SURVEY CONDUCT BY IGLOO'S EXPERT**

Attempting to minimize any customer confusion of its own making, Igloo asserts that Dr. Garagulagian should not be allowed to opine on the materiality of Igloo's false advertising or the opinions of its survey expert, Matthew Ezell, because Igloo alleges that Dr. Garagulagian lacks the "knowledge, skill, experience, training, or education" to support his conclusions. Mot. at 15. Igloo's argument runs contrary to law.

Expert witnesses opining on consumer preferences need not conduct a survey of their own to substantiate their opinions; instead, they may present opinions formed from their years of experience in the field, without conducting tests or interviewing potential customers. *See, e.g., Fortune Dynamic, Inc. v. Victoria's Secret Stores Brand Mgmt., Inc*., 618 F.3d 1025, 1043 (9th Cir. 2010) (reversing a district court's exclusion of an expert witness, who did not conduct a survey or test, because the witness's experience was "based on experience" gleaned from "forty years of experience in the ... industry" rather than scientific testing); *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 841 n.13 (9th Cir. 2001) (reversing a district court's exclusion of an expert whose "opinion is not based on personal experimentation or direct analyses of raw experimental data" but was instead formed after "reviewing incident reports and the literature on a particular topic"). Thus, the fact that Dr. Garagulagian does not proffer evidence of experience in conducting consumer surveys does not prevent him from testifying, based on his years of experience in economics, that the sampling methodology used by Igloo's survey expert, is biased toward Igloo due to its sample selection.

**E.**     **Dr. Garagulagian's Opinions Regarding Prospective Corrective Advertising Are Not Untimely**

- 7 -

Case No.: 4:22-cv-2440

PLAINTIFF VERICOOL WORLD LLC'S OPPOSITION TO DEFENDANT IGLOO PRODUCTS CORPORATION'S MOTION TO EXCLUDE THE OPINIONS OF ROMAN GARAGULAGIAN

Igloo also contends that Dr. Garagulagian's Original Report's opinion regarding prospective advertising is untimely, ostensibly because Vericool World failed to indicate it sought such damages in discovery.  However, Igloo overlooks the fact that expert reports are part of discovery. Accordingly, there is nothing improper regarding the corrective damages theory asserted in the Original Report.

## IV.    CONCLUSION

For the forgoing reasons, the Court should deny Igloo's Motion to Exclude the Expert Opinions of Roman Garagulagian.

Dated:  November 9, 2023                    **SANDERS ROBERTS LLP**

By: _____
       Felton T. Newell, Esq.
       Tyler Dobberstein, Esq.
       Attorneys for Plaintiff,
       **VERICOOL WORLD LLC**

**SANDERS ROBERTS**
1055 W. 7TH STREET
SUITE 3200
LOS ANGELES, CA 90017

PLAINTIFF VERICOOL WORLD LLC'S OPPOSITION TO DEFENDANT IGLOO PRODUCTS CORPORATION'S MOTION TO EXCLUDE THE OPINIONS OF ROMAN GARAGULAGIAN