UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERICOOL WORLD LLC,<br><br>Plaintiff,<br><br>v.<br><br>IGLOO PRODUCTS CORPORATION,<br><br>Defendant. | Case No. 22-cv-02440-HSG<br><br>**ORDER DENYING MOTION FOR ATTORNEYS' FEES AND DENYING MOTION TO REVIEW COSTS**<br><br>Re: Dkt. Nos. 68, 80 |

In December 2023, the Court granted Defendant Igloo Products Corporation's motion for summary judgment and denied Plaintiff Vericool World LLC's motion for summary judgment. Dkt. No. 60. The Court concluded that Plaintiff had not established that it had a viable claim under the Lanham Act, 15 U.S.C. § 1125(a)(1)(B), or California's Unfair Competition Law, Bus. & Prof. Code §§ 17200, *et seq*. Now pending before the Court are two post-judgment motions: Defendant filed a motion for attorneys' fees, Dkt. No. 68, and Plaintiff filed a motion to review the taxed costs, Dkt. No. 80. The Court finds these matters appropriate for disposition without oral argument and the matters are deemed submitted. *See* Civil L.R. 7-1(b). For the reasons detailed below, the Court **DENIES** the motions.

I. **MOTION FOR ATTORNEYS' FEES**

Defendant seeks attorneys' fees in the amount of $636,975.50 pursuant to Federal Rule of Civil Procedure § 54 and 15 U.S.C. § 1117(a). *See* Dkt. No. 68. Defendant urges that the case was frivolous and Plaintiff improperly brought it "to use the high cost of litigation and fear of negative publicity to extract an undeserved settlement from Igloo." *See id.* at 1.

The Lanham Act permits an award of attorneys' fees to the prevailing party in "exceptional cases." 15 U.S.C. § 1117(a). The Supreme Court has explained that "exceptional" in these

1    circumstances simply means "uncommon": "[A]n 'exceptional' case is simply one that stands out
2    from others with respect to the substantive strength of a party's litigating position (considering
3    both the governing law and the facts of the case) or the unreasonable manner in which the case
4    was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014).

5    Following *Octane Fitness*, the Ninth Circuit has explained that "district courts analyzing a
6    request for fees under the Lanham Act should examine the 'totality of the circumstances' to
7    determine if the case was exceptional." *SunEarth, Inc. v. Sun Earth Solar Power Co.*, 839 F.3d
8    1179, 1181 (9th Cir. 2016) (en banc) (citing *Octane Fitness*, 572 U.S. at 554). Such nonexclusive
9    factors include "frivolousness, motivation, objective unreasonableness (both in the factual and
10   legal components of the case) and the need in particular circumstances to advance compensation
11   and deterrence." *Id.* (quotation omitted); *see also Lahoti v. Vericheck, Inc.*, 636 F.3d 501, 510
12   (9th Cir. 2011) ("Exceptional cases include cases in which the infringing party acted maliciously,
13   fraudulently, deliberately or willfully."). In addition, the Ninth Circuit has noted that the
14   "'exceptional circumstances' requirement [is construed] narrowly." *Classic Media, Inc. v.
15   Mewborn*, 532 F.3d 978, 990 (9th Cir. 2008).

16   As a preliminary matter, the Court finds—and Plaintiff does not appear to dispute—that
17   Defendant was the prevailing party in this action. "A party is a prevailing party for purposes of an
18   attorneys' fee award if it achieved a material alteration in the legal relationship of the parties that
19   is judicially sanctioned." *Fifty-Six Hope Rd. Music, Ltd. v. A.V.E.L.A., Inc.*, 778 F.3d 1059, 1078
20   (9th Cir. 2015) (quotation omitted). Nevertheless, in evaluating the totality of the circumstances,
21   the Court does not find this to be an exceptional case warranting attorneys' fees. Although the
22   Court ultimately found the reasoning unpersuasive, the Court recognizes that Plaintiff's Lanham
23   Act theory may be consistent with at least a few non-controlling cases. *See, e.g.*, *Zobmondo Ent.*
24   *LLC v. Imagination Int'l Corp.*, No. CV 09-02235 ABC PLAX, 2009 WL 8714439, at *1 (C.D.
25   Cal. June 23, 2009); *Blue Spike, LLC v. Texas Instruments, Inc.*, No. 6:12-CV-499, 2014 WL
26   11848751, at *5 (E.D. Tex. July 25, 2014), *report and recommendation adopted*, No. 6:12-CV-
27   499, 2014 WL 11829325 (E.D. Tex. Aug. 15, 2014). The Court is similarly unpersuaded by
28   Defendant's suggestion that the record clearly illustrates that Plaintiff brought this case and

United States District Court
Northern District of California

declined to settle in bad faith.  The Court **DENIES** the motion for attorneys' fees.

## II. MOTION TO REVIEW COSTS

Plaintiff, for its part, requests that the Court review the taxed costs under Federal Rule of Civil Procedure 54(d).  Dkt. No. 80.  As the prevailing party, Defendant filed its bill of costs, totaling $32,173.36.  *See* Dkt. Nos. 65, 74.  Plaintiff submitted objections to these costs, and the Clerk ultimately taxed costs in the amount of $16,186.11.  *See* Dkt. Nos. 78, 79.  Plaintiff now asks that the Court exercise its discretion to deny Defendant its costs, or in the alternative, to reduce them.  *See* Dkt. No. 80.

Rule 54(d)(1) provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d)(1).  "By its terms, the rule creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs." *Ass'n of Mexican-American Educators v. State of California*, 231 F.3d 572, 591 (9th Cir. 2000).  The Ninth Circuit has recognized the following appropriate reasons for denying costs: "(1) the substantial public importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity between the parties." *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1247–48 (9th Cir. 2014).  The *Escriba* factors are "not an exhaustive list of good reasons for declining to award costs, but rather a starting point for analysis." *Id.* (quotations omitted).  The Ninth Circuit has also held that when determining whether to award costs it is an abuse of discretion to fail to consider the indigency of a party and the chilling effect such an award would have on civil rights litigants.  *See Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079–80 (9th Cir. 1999).

Having reviewed all of these factors, the Court declines to exercise its discretion to deny Defendant's reasonable costs.  This was a routine business dispute, and Plaintiff's conclusory suggestion otherwise is simply unpersuasive.  *See* Dkt. No. 80 at 11.  Plaintiff's assertion that such costs would be a hardship because it "is on the smaller side," *id.*, is similarly unsupported.  To the contrary, Plaintiff acknowledges in its motion that it "was willing to live with" paying the $16,186.11 in taxed costs if Defendant had agreed to certain non-monetary concessions.  *See* Dkt.

3

No. 80 at 1.

In the alternative, Plaintiff asks that the Court reduce the total amount of taxed costs. *See id.* at 12–22. Plaintiff urges that certain categories of costs were improperly included in Defendant's bill of costs and were unreasonable. *Id.* The Court notes at the outset that the Clerk appears to have disallowed many of the challenged costs already. *See* Dkt. No. 79 (disallowing $15,987.25 of claimed costs). Plaintiff appears to recognize this, and in reply limits its arguments to two discrete categories: (1) "unused" deposition transcripts and (2) videotaped depositions. *See* Dkt. No. 87 at 2–3. Plaintiff argues that Defendant is not entitled to recover costs for deposition transcripts that were not ultimately filed in support of Defendant's motion for summary judgment. Dkt. No. 80 at 13. And it further argues that Defendant is not entitled to recover costs for videotape recordings of depositions. *Id.* at 19–21.

However, Plaintiff relies on non-controlling and largely out-of-circuit authorities that the Court does not find persuasive. *Id.* In contrast, the Local Rules here explicitly provide that "[t]he cost of an original and one copy of any deposition (*including videotaped depositions*) taken for *any purpose in* connection with the case is allowable." *See* Civil L.R. 54-3(c)(1) (emphasis added). That the depositions were not filed on the docket in support of Defendant's motion for summary judgment is simply irrelevant to whether they were "necessarily obtained for use in the case." *See* 28 U.S.C. § 1920(2); *see also Sea Coast Foods, Inc. v. Lu-Mar Lobster & Shrimp, Inc.*, 260 F.3d 1054, 1061 (9th Cir. 2001), *as amended* (Sept. 25, 2001) (noting that district court "can, in its discretion, tax [deposition and copying] costs even if the items in question were not used at trial"). And as Defendant explains, courts in this district routinely allow a prevailing party to recover costs for videotaped deposition transcripts under § 1920(2). *See, e.g.*, *Opticurrent, LLC v. Power Integrations, Inc.*, No. 17-CV-03597-EMC, 2019 WL 2869954, at *2 (N.D. Cal. July 3, 2019) (collecting cases); 28 U.S.C. § 1920(2) (authorizing taxation of "[f]ees for printed *or electronically recorded transcripts* necessarily obtained for use in the case") (emphasis added).

Lastly, Plaintiff suggests that Defendant could have avoided many of the costs incurred had it chosen to bring a motion to dismiss rather than engage in discovery and file a motion for summary judgment. *See* Dkt. No. 80 at 12. The Court notes the oddity of Plaintiff's implication

that its case should have been dismissed even earlier than it was. But in any event, Rule 54(d) and the *Escriba* factors are not intended as a means for a party—or the Court—to micromanage an opposing party's litigation strategy. The Court declines the invitation to do so here, and **DENIES** the motion to review costs.

### III. CONCLUSION

Accordingly, the Court **DENIES** the motion for attorneys' fees and the motion to review costs in their entirety. Dkt. Nos. 68, 80.

**IT IS SO ORDERED.**

Dated: 7/31/2024

HAYWOOD S. GILLIAM, JR.
United States District Judge